IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TEAMSTERS LOCAL 673,

                    Plaintiff,

          v.

OBERWEIS DAIRY, INC.,

                    Defendant.

Case No. 12 C 1438

Hon. Harry D. Leinenweber

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are the parties' Cross-Motions for Summary Judgment. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is granted and Defendant's Motion for Summary Judgment is denied.

I.  <u>BACKGROUND</u>

Plaintiff Teamsters Local 673 (hereinafter, the "Plaintiff" or "Teamsters"), is a labor union headquartered in West Chicago, Illinois. Defendant Oberweis, Dairy, Inc. (hereinafter, the "Defendant" or "Oberweis") is a family-owned dairy company that produces and sells traditional dairy products such as milk, cheese, ice cream, and yogurt. Teamsters represents a bargaining unit for a portion of Oberweis' employees. Together, the parties' have entered into successive collective bargaining agreements (the "CBA's") since 1991. The most recent CBA became effective on April 19, 2009 (the "2009 CBA"). This case involves a dispute

regarding the interpretation of the grievance procedures set forth in the 2009 CBA.

Specifically, Plaintiff contends that Article 4 of the 2009 CBA requires Oberweis to arbitrate grievances involving any violations of the CBA. Oberweis disagrees. It claims the 2009 CBA only requires arbitration of claims concerning disciplinary actions and discharge proceedings.

The specific grievance at issue here arose on November 22, 2011, when Teamsters alleged Oberweis violated the CBA by granting employees seniority for the time they were in managerial positions. When Oberweis refused to proceed with the arbitration, Teamsters filed this action seeking to compel arbitration. Currently before the Court are the parties' Cross-Motions for Summary Judgment.

## II. **LEGAL STANDARD**

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it could affect the outcome of the case. *Id.* If the moving party satisfies its burden, the non-movant must present facts to show a genuine dispute exists to avoid summary judgment. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). To establish a genuine issue

- 2 -

of fact, the non-moving party "must do more than show that there is some metaphysical doubt as the material facts." *Sarver v. Experian Info. Sys.*, 390 F.3d 969, 970 (7th Cir. 2004).

### III.  **ANALYSIS**

Both parties have moved for summary judgment.  Plaintiff argues its motion should be granted because the plain language of Article 4 of 2009 CBA provides that claims concerning any violations of the CBA are subject to arbitration.  Oberweis claims it is entitled to summary judgment because the language in Article 4 contains a scrivener's error which is the result of a mutual mistake between the parties.  Oberweis asks the Court to reform the 2009 CBA to correct the mistake.

Prior to addressing the merits of the motions, the Court turns to the preliminary arguments Oberweis raises in response to Plaintiff's summary judgment motion.  Oberweis first argues that the case should be dismissed because Teamsters failed to file its Complaint within the relevant statute of limitations.  It then argues Teamsters failed to comply with Local Rule 56.1 and this failure requires the Court to exclude a number of Teamsters' exhibits and deny Teamsters' motion.  The Court will address each argument in turn.

### A.  **Statute of Limitations**

Oberweis contends Teamsters' filed its Complaint outside the applicable statute of limitations.  Oberweis argues that the

Complaint is untimely because Teamsters admitted that it became aware of Oberweis' position regarding disputes of this nature on May 5, 2010, but failed to file this action until February 29, 2012.

Section 301(a) of the Labor Management Relations Act (the "LMRA") governs this case. It provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Teamsters' Complaint seeks to compel arbitration pursuant to the 2009 CBA and Section 301(a) of the LMRA. *See,* Comp. ¶¶ 1, 6. Claims brought pursuant to Section 301(a) are subject to a six-month statute of limitations period borrowed from Section 10(b) of the National Labor Relations Act (the "NLRA"). *See,* 29 U.S.C. § 10(b); *see also*, *Chapple v. National Starch and Chemical Co. and Oil*, 178 F.3d 501, 505 (7th Cir. 1999). "[A] Section 301 cause of action accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Id.* (citations omitted).

- 4 -

The Complaint indicates Teamsters filed the grievance it seeks to arbitrate on November 22, 2011. Compl. ¶ 7. While it is possible Teamsters learned that Oberweis refused to arbitrate similar disputes in May 2010, it was not until November 2011 when Teamsters learned Oberweis refused to engage in arbitration procedures for this dispute. *Id.* Teamsters filed its Complaint in February 2012. *See,* ECF No. 1. This is within the relevant limitations period. Thus, the Court rejects Oberweis' arguments concerning the timeliness of the Complaint.

## B. Local Rule 56.1

Next, Oberweis argues that Plaintiff's Motion fails because Teamsters failed to adhere to Local Rule 56.1. Oberweis contends that this failure mandates the exclusion of a number of exhibits and denial of Teamsters' Motion.

Rule 56.1 governs motions for summary judgment. Its purpose is to "make it relatively simple for the court to determine whether there are bona fide issues of fact requiring a trial." *Widmar v. Sun Chemical*, No. 11-C-1818, 2012 U.S. Dist. LEXIS 148684 at *1 (N.D. Ill. Oct. 16, 2012). It requires the party moving for summary judgment to put forth a statement of "material facts" which consists of "short numbered paragraphs" that include specific references to "affidavits" or "other parts of the record" that support the facts set forth. L.R. 56.1(a).

Pursuant to Rule 56.1, the party opposing summary judgment must give "a concise response" to each of the movant's statements. L.R. 56.1(b). If the opposing party denies a fact as true, the Rule requires the opposing party to provide "specific reference to affidavits, parts of the record, and other supporting materials" that support denial. *Id*.

Teamsters failed to submit a 56.1 Statement of Material Facts and failed to respond to Oberweis' Statements of Material Fact. Its failure to respond results in deeming admitted those uncontroverted statements in Oberweis' Local Rule 56.1 submission. *See, Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). However, its failure does not amount to an automatic judgment in favor of Oberweis. *Id.* Instead, the ultimate burden of persuasion remains with Oberweis to show that it is entitled to judgment as a matter of law. *Id.*

Oberweis also claims that Teamsters' Motion for Summary Judgment should be denied because a number of its supporting exhibits are inadmissible. While the Court does not find an automatic denial of the Motion appropriate, the Court disregards all of Teamsters' unauthenticated exhibits. *See, Rosemary B. on Behalf of Michael B. v. Bd. of Educ. of Community High Sch. Dist. No. 155,* 52 F.3d 156, 159 (7th Cir. 1995) (a party must provide a proper foundation to authenticate documents or other exhibits which the party claims entitles them to judgment as a matter of law).

The Court also strikes those exhibits that contain inadmissible hearsay. *See, Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1264-65 (7th Cir. 1993). As a result, the only exhibits that the Court will consider from Teamsters are those exhibits which Oberweis has also submitted and authenticated to support its motion. This includes Plaintiff's Exhibits 1, 2, 3, 4, 35, 39, 41, 43, and 50. All of Teamsters' remaining exhibits are disregarded for the purposes of these motions.

## C. Merits of Summary Judgment Motions

The Court now turns to the merits of the parties' Motions for Summary Judgment. Teamsters contends it is entitled to judgment because the plain language of the CBA supports a finding that any violations of the CBA are subject to arbitration. Oberweis claims it is entitled to summary judgment because the 2009 CBA contains a "scrivener's error" which amounts to a mutual mistake.

Determining whether a collective bargaining agreement creates a duty to arbitrate is a contractual question. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 546-47 (1964). Thus, it is the Court's duty to interpret the CBA to determine whether the parties intended to arbitrate grievances such as the one at issue here. *AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 651 (1986). In making this determination, the Court is cognizant of the "liberal federal policy in favor of arbitration agreements." *Int'l Bhd. of Elec. Workers, Local 21 v. Illinois Bell Tel. Co.,*

491 F.3d 685, 687 (7th Cir. 2007). Indeed, the Seventh Circuit has held that there is a presumption of arbitrability unless there is no possible interpretation that the arbitration clause covers the asserted dispute. *Id.* at 687–88.

In examining the language of the CBA in this case the Court notes the following. Article 4 is entitled "Grievance Procedure[:] Discipline and Discharge or any Violations of the Agreement." Pl.'s Ex. 1 at 5. Under subheading "A," Article 4 states "[a]ll grievances relating *solely* to the discharge or discipline of an employee shall be processed as follows . . . " *Id.* (emphasis added). It then outlines the necessary steps for an employee to undertake if the employee was discharged or disciplined and the grievance remained unsettled. *See, id.* Article 4 concludes by stating "[i]f the grievance is not satisfactorily settled, either party may request arbitration within ten (10) days from the Employer's denial of the grievance . . . [and that] [i]n the event a grievance is referred to arbitration . . . [t]he arbitrator shall decide only the grievance submitted by applying the express language in this Agreement . . . " Pl.'s Ex. 1 at 6, ECF No. 20, PageID #95. Importantly, Article 4 is void of any language which provides instructions on the grievance procedures for "any [other] violations" of the CBA. *Id.*

### 1. *Oberweis' Motion for Summary Judgment*

Oberweis contends that the absence of any language outlining the procedures for grievances other than discharge and discipline proceedings is indicative of a mutual mistake. Indeed, it avers that it is unaware how the "or any violations of the agreement" even appeared in the 2009 CBA. See Def.'s L.R. 56.1 Statement of Material Fact ¶ 27. As a result, Oberweis requests that Court reform the contract to reflect the true intent of the parties.

"The contract law doctrine of scrivener's error, or mutual mistake, allows a court of equity to reform a contract where a written agreement does not reflect the clear intent of the parties due to a drafting error." *Young v. Verizon's Bell Atl. Cash Balance Plan*, 667 F.Supp.2d 850, 894 (N.D. Ill. 2009) *aff'd*, 615 F.3d 808 (7th Cir. 2010). The party seeking reformation bears the burden of presenting clear and convincing evidence that "a mistake has occurred and that mistake does not reflect the intent of the parties." *Id.*

Oberweis submits that the plain language of the 2009 CBA reflects the mutual mistake between the parties. It also points to the lack of evidence during the parties' negotiations of previous CBA's as support for the fact that a mutual mistake occurred. However, Oberweis admits that the phrase "any violations of the agreement" appeared in Article 4 as early as 1998 when the parties negotiated its 1998-2003 CBA. Def.'s Mem. in Supp. of Summ. J. at

4. While Oberweis claims that the notes from these negotiations do not reflect an expansion of Article 4 and what disputes were or were not subject to arbitration, it fails to explain why the language remained in the 2009 CBA. This is particularly perplexing given Oberweis' assertions that the individuals involved in the negotiations were "experienced labor relations professionals." *Id.* at 9. Assuming this is true, the Court finds it odd that the negotiators would not have corrected the alleged "scriveners error" when the time came to renegotiate the CBA in 2009. Thus, the Court does not find the plain language of the 2009 CBA nor the absence of any notes convincing to establish a scrivener's error.

The Court finds Oberweis' arguments regarding the parties' course of dealing equally unavailing. Oberweis claims that it has never arbitrated a grievance that did not relate to disciplinary or discharge proceeding. It states this is evidence that supports finding a mutual mistake occurred.

If this were actually the case, the Court might agree; however, Oberweis admits that on November 4, 2010, it responded to a grievance that related to the payment of delivery charges – a grievance unrelated discharge or discipline. *See,* Def.'s L.R. 56.1 Statement of Fact ¶¶ 37-39. While Oberweis explains that ultimately the grievance was never arbitrated and avers that it responded only because of its "general obligation to bargain with the Union . . . [,]" the fact remains this was a grievance relating

to a violation of the 2009 CBA that did not relate to discipline or discharge. *Id.* ¶ 39. Similarly, Oberweis acknowledges that in 2010 it responded to two separate unfair labor practice charges the Teamsters filed. *Id.* ¶¶ 40-41. Oberweis states it responded to these grievances because of "pressure from the labor board," and not because it agreed Article 4 of the CBA required the arbitration. *Id.* ¶ 41.

Regardless of the reasons why Oberweis responded to and arbitrated the aforementioned grievances, it is undisputed that these non-discharge, non-disciplinary grievances were addressed. Thus, the Court does not find the parties' prior course of dealing convincing to establish that the parties did not intend issues relating to violations of the 2009 CBA to be arbitrated.

Furthermore, Oberweis' reliance on *Young v. Verizon Bell Atlantic Cash Balance Plan,* 615 F.3d 808 (7th Cir. 2010) is misplaced. There, the Seventh Circuit affirmed a district court's decision to reform a pension plan under the Employment Retirement Income Security Act ("ERISA"). *Id.* at 824. It reasoned that because the employer presented objective, convincing evidence that there "was a scrivener's error inconsistent with [the] participants' expected benefits," reformation was appropriate. *Id.* at 820. It distinguished *Young* from prior cases finding reformation inappropriate by noting that unlike the previous cases,

in *Young* a "windfall" would result without the correction. *Id.* at 819.

The facts here are readily distinguishable. First, Teamsters will not receive a "windfall" of benefits if the Court refuses to reform the 2009 CBA. Instead, the parties will proceed to arbitration and the arbitrator will determine whether Teamsters grievance has merit and how it should be resolved. Next, Oberweis failed to present objective evidence of mutual mistake. While it has provided affidavits and declarations from its officers and legal representatives stating those individuals' intent and interpretations, the Court does not find such evidence objective. The same is true with respect to the parties' prior dealings and the way in which Oberweis handled previous grievances unrelated to disciplinary proceedings or discharge. Accordingly, the Court rejects Oberweis' arguments concerning mutual mistake and denies its motion for summary judgment.

## 2. Plaintiff's Motion for Summary Judgment

Plaintiff contends it is entitled to summary judgment because Article 4 of the 2009 CBA states that "any violations of the agreement" are subject to the grievance procedures set forth in Article 4. *See* Pl.'s Ex. 1 at 5. It relies upon *United Steelworkers v. Warrior Golf Company,* 363 U.S. 574 (1960) as support.

In *Warrior Golf Company*, the Supreme Court held arbitration should be compelled in collective bargaining disputes "unless it may be said that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 582-83. Indeed, Supreme Court decisions subsequent to *Warrior Golf* reinforce its holding. *See, e.g., AT&T Techs., Inc. v. Communc'ns Workers of America,* 475 U.S. 643, 650 (1986) (finding that if an arbitration clause is broad, there is a presumption in favor of arbitrability). As further support, the Seventh Circuit adheres to the principle that "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008) (citations omitted).

Applying these principles to the case at bar, the Court finds arbitration appropriate. Teamsters contends Oberweis has violated Article 8 of the 2009 CBA. Article 8 is entitled, "Seniority." *Id.* at 6. The Complaint states Oberweis violated Article 8 by "granting employee's seniority for time they were in managerial positions." Compl. ¶ 8. Teamsters claims this is a violation of the CBA and is subject to the procedures outlined in Article 4.

While the Court concedes the obvious inconsistency between Article 4's heading which purports to provide a grievance procedure for "any violations of the agreement" and subheading "A" which

states that the procedures described relate "solely to the discharge or discipline of an employee," it is undeniable that Teamsters' grievance here concerns a "violation" of the CBA. Accordingly, the Court finds the arbitration procedures within Article 4 "susceptible to an interpretation that covers this dispute. Nothing more is required to establish the arbitrability . . . " *TriMas Corp.*, 531 F.3d at 536.

The Court is cognizant of the fact that Oberweis could rebut the presumption of arbitrability. However, it can only do so if it produces "the most forceful evidence of a purpose to exclude the claim from arbitration." *AT&T Techs.,* 475 U.S. at 650. The Court finds Oberweis fails to meet this burden and finds its evidence insufficient as a matter of law.

For example, Oberweis submitted a letter addressed to the National Labor Relations Board ("NLRB") from its former attorney Anthony Crement as support for its summary judgment motion. *See,* Def.'s Ex. A-12, ECF No. 26-2. The letter is in response to the NLRB's request for additional information concerning a grievance that related to the "method of calculating commissions from sales . . . [,]" – a grievance unrelated to discipline or discharge. *Id.* at PageID #680. In explaining the reasons for Oberweis' position, the letter states, "[s]ince there is no procedure for handling language related grievances in Article 4 the parties applied the procedure in that Article for disciplinary grievances. To that

- 14 -

end, the parties submitted the grievance to the labor management committee provided for in Article 4 A.3. . . . " *Id.* at PageID #683. The letter is dated February 8, 2011 and concerns a 2010 grievance unrelated to discharge or disciplinary proceedings. Yet, Oberweis chose to follow the grievance procedure outlined in Article 4. As such, the Court does not find this evidence "forceful" enough to rebut the presumption that the parties' intended violations of the 2009 CBA to be arbitrated. *AT&T Techs.*, 475 U.S. at 650.

In sum, the Court finds Oberweis cannot overcome the presumption of arbitrability. The dispute is arbitrable under the plain language in Article 4's heading and any ambiguities or inconsistencies within Article 4 are resolved in favor of arbitration. *TriMas Corp.*, 531 F.3d at 536. Accordingly, Teamsters' motion for summary judgment is granted.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion for Summary Judgment [ECF No. 25] is denied. Plaintiff's Motion for Summary Judgment [ECF No. 18] is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: August 22, 2013

- 15 -